**Hugh D. MINGO, Individually and on Behalf of all others similarly situated, Plaintiff–Appellant, Cross–Appellee,**

v.

**SUGAR CANE GROWERS CO–OP OF FLORIDA a/k/a "Sugar Cane Growers Cooperative of Florida," Defendant– Appellee, Cross–Appellant.**

No. 87–5710
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 23, 1989.

**102**

Ann Margaret Pointer, Fisher & Phillips, Atlanta, Ga., for defendant-appellee, cross-appellant.

Before VANCE, KRAVITCH and COX, Circuit Judges.

PER CURIAM:

Plaintiff appeals the district court's order dismissing his action, with prejudice, for want of prosecution. We vacate the order and remand the cause to the trial court.

■ The district court possesses the inherent power to police its docket. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Incident to this power, the judge may impose formal sanctions upon dilatory litigants. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.

■ Our cases announce the rule, however, that dismissal is warranted only upon a "clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985) (emphasis supplied); *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir.1983); *Hildebrand v. Honeywell, Inc.,* 622 F.2d 179, 181 (5th Cir.1980).[1] Although we occasionally have found implicit in an order the conclusion that "lesser sanctions would not suffice" (*see Goforth,* 766 F.2d at 1535), we have never suggested that the district court need not make that finding, which is essential before a party can be penalized for his attorney's misconduct. *Hildebrand,* 622 F.2d at 181. *See Cohen v. Carnival Cruise Lines, Inc.,* 782 F.2d 923, 925 (11th Cir.1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions); *Carter v. United States,* 780 F.2d 925, 928 (11th Cir.1986) (same; *dicta* ); also, *Jones v. Bowen,* 790 F.2d 1550, 1553 (11th Cir.1986) (cause remanded). In *Goforth,* any order other than dismissal would have "greatly prejudiced" the defendants. *Id.,* 766 F.2d at 1535; *compare Jones v. Graham,* 709 F.2d at 1461–62 (district judge found that great prejudice to defendants could only be cured by dismissal).

■ In the instant case, the trial court did not make a finding concerning the effi-

---

**1.** *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (in banc). The Eleventh Circuit, sitting in banc, adopted as binding precedent all decisions rendered prior to October 1, 1981, by the former Fifth Circuit.

cacy of sanctions less severe than dismissal. The district court did mention that earlier in the litigation the cause had come close to dismissal; in fact, the court had warned plaintiff on at least two prior occasions that further delay might yield dismissal. In its order finally disposing of the action, the court concluded that dismissal was warranted because "it would be unfair to defendant to allow this unhappy litigation to drag on longer than it already has," and further, that "the circumstances of this case cry out for such a 'just, speedy, and inexpensive determination.'" We understand the district judge's frustration. Because the sanction of dismissal with prejudice is so unsparing, however, we hesitate to infer from this language that the trial court reflected upon the wide range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion. We therefore VACATE the order and REMAND the cause for the district court's further consideration.[2]

---

2. Because we remand the cause, defendant's cross-appeal for fees and expenses is not ripe for our determination.