**ROYAL PALACE HOTEL ASSOCIATES, INC., d/b/a Buena Vista Palace, a Florida corporation, Plaintiff/Counter–Defendant**

v.

**INTERNATIONAL RESORT CLASSICS, INC., a California corporation, Defendant/Counter–Claimant.**

**No. 96–36–CIV–ORL–22.**

United States District Court,
M.D. Florida,
Orlando Division.

Nov. 17, 1997.

GLAZEBROOK, United States Magistrate Judge.

## I. *The Facts*

Attorney Melvin Teitelbaum is corporate counsel for defendant/counter-claimant International Resort Classics (IRC) and, at all relevant times, represented IRC in the above styled litigation. *See* Docket No. 64 at 7–11 (Deposition of Teitelbaum). In addition to his role as counsel for IRC, Teitelbaum is the corporation's incorporator, sole officer and sole director. *See* Docket No. 64 at 7–8. He is also directly involved in IRC's main business of booking hotel space. *See id.* at 11. On January 19, 1996, Teitelbaum appeared on behalf of IRC, a California corporation, as its non-resident counsel in this matter, and designated Philip Bonus as local counsel pursuant to Local Rule 2.02. *See* Docket No. 16. On August 21, 1996, the Court granted Teitelbaum's motion to appear Pro Hac Vice [Docket No. 4] on behalf of IRC. *See* Docket No. 30. According to local counsel, Teitel-

baum at all times acted as lead counsel in the instant action, allocating little responsibility to local counsel.

On March 13, 1996, the Honorable Anne C. Conway entered a scheduling order (hereinafter, the "First Scheduling Order"). *See* Docket No. 25. On March 6, 1997, IRC moved to refer this case to the magistrate judge for trial on a date certain [Docket No. 54], a request that was granted on March 7, 1997 [Docket No. 55]. On March 20, 1997, the undersigned entered a new case management and scheduling order (the "Second Scheduling Order") setting forth the dates for filing the pretrial statement, the date of final pretrial conference, and the deadline for dispositive motions, among others. *See* Docket No. 57. The Second Scheduling Order instructs the parties that the deadline for filing dispositive motions is July 1, 1997, that their joint pretrial statement is due on October 17, 1997, that the final pretrial conference is scheduled ten days later on October 27, 1997, and that trial was set before the magistrate judge for a date certain on November 10, 1997. *See* Docket No. 57. The Second Scheduling Order provides:

> A Final Pretrial Conference will be held on October 27, 1997 at 10:00 A.M. in Courtroom 7 on the Fifth Floor, George C. Young United States Courthouse, 80 North Hughey Avenue, Orlando, Florida 32801. The case should be fully ready for trial at the time of the Final Pretrial Conference. The case should be fully ready for trial at the time of the Final Pretrial Conference. **Lead trial counsel are required to attend this Conference unless excused.** All counsel must be prepared and authorized to accomplish the purposes set forth in Rule 16, Fed.R.Civ.P., and Local Rule 3.06.

Docket No. 57 (emphasis in the original); *see* Docket No. 25 at 3. The Second Scheduling Order repeated a warning from the First Scheduling Order:

> **Failure of counsel or an unrepresented party to appear in person at the Final Pretrial Conference or to comply with the other requirements of this Order will subject counsel and client or party to appropriate sanctions under the rules and may result in dismissal or the striking of pleadings of the offending party.**

Docket No. 57 at 5; Docket No. 25 at 5 (emphasis in original).

On July 1, 1997, the deadline for filing dispositive motions, Royal Palace Hotel Associates (Royal Palace) filed its motion for summary judgment. *See* Docket No. 59. On July 21, 1997, IRC filed both a response to Royal Palace's motion and IRC's own cross-motion for summary judgment. *See* Docket No. 65. On August 4, 1997, Royal Palace filed its opposition to IRC's cross-motion. *See* Docket No. 68. In opposing IRC's cross-motion as untimely, Royal Palace specifically referred to the dispositive motions deadline set forth in "this Court's Scheduling Order of March 20, 1997. . . ." *See id.* [reference to the Second Scheduling Order]. On August 20, 1997, IRC filed a reply to Royal Palace's opposition to IRC's cross-motion. *See* Docket No. 69. In its reply, IRC did not dispute the date of July 1, 1997 as the dispositive motions deadline. *See id.* On September 26, 1997, the Court entered an order specifically denying IRC's cross-motion as untimely under the Court's March 20, 1997 scheduling order, the Second Scheduling Order. *See* Docket No. 72.

On October 17, 1997, plaintiff Royal Palace filed the above motion for leave to file a unilateral pretrial statement and for sanctions against IRC for its failure to contribute to the preparation of the final pretrial statement. Royal Palace stated that IRC's failure to contribute prevented Royal Palace from fulfilling its obligations under the rules and orders of the Court. *See* Docket No. 77. Royal Palace attached a "unilateral" pretrial statement to their motion. *See* Docket No. 77, attachment. That pretrial statement represents Royal Palace's good faith attempt to comply with the Court's order to file the parties' joint pretrial statement on or before October 17, 1997. The unilateral statement does not comply with the requirements for a pretrial statement listed in Local Rule 3.06.

IRC neither filed, nor participated in filing, a pretrial statement with this Court by the October 17, 1997 deadline, or at any time thereafter. At no time did IRC file a motion

requesting an extension of time to file the required pretrial statement.

During the week prior to the final pretrial conference, Teitelbaum telephoned the undersigned's chambers. During that telephone call, Teitelbaum informed a law clerk that he had no knowledge of either the Second Scheduling Order or the October 27, 1997 final pretrial conference date. Teitelbaum claimed that he only recently became aware of the conference when speaking with opposing counsel. The law clerk then confirmed the date and time of the final pretrial conference, and specifically informed Teitelbaum of the requirement that lead trial counsel must appear at the final pretrial conference. *See* Docket No. 57.

On October 27, 1997, the Court held the final pretrial conference. Teitelbaum, lead counsel, failed to appear. Instead, local counsel Bonus appeared to represent IRC. At no time did IRC file a motion requesting that Teitelbaum be excused from the Court's order to appear at the final pretrial conference, or to replace Teitelbaum as lead counsel. At the October 27, 1997 hearing, local counsel for IRC claimed that neither he nor Teitelbaum had received a copy of the March 20, 1997 Second Scheduling Order. IRC did not move at the final pretrial conference for an extension of time to file the pretrial statement. The three-day trial remained set for a date certain on November 10, 1997. The Court heard argument on the motion by Royal Palace for leave to file a unilateral pretrial statement and for sanctions [Docket No. 77].

## II. *The Law*

Federal Rules of Civil Procedure 16(f) and 37(b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed.R.Civ.P. 16(f) provides, in pertinent part, that:

> ... **If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.**

Fed.R.Civ.P. 16 (emphasis added). Fed.R.Civ.P. 37(b)(2) provides, in relevant part, that the Court may issue:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination....

Fed.R.Civ.P. 37(b)(2)(B)-(D).

A trial court is justified in dismissing an action under Rule 16(f) as a sanction for the conduct of plaintiff's counsel. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). The sanctions contained in Rule 16(f) are designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See id.*, 766 F.2d at 1535.

In addition, the district court possesses the inherent power to police its docket. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101, 102 (11th Cir.1989).

Incident to this power, the judge may impose formal sanctions upon dilatory litigants. *See Mingo,* 864 F.2d at 102. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice. *See Mingo,* 864 F.2d at 102.

■ Dismissal is warranted only on a clear record of delay or willful contempt. *See Mingo,* 864 F.2d at 102; *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). The Court must find that lesser sanctions will not suffice before a party can be penalized for its attorney's misconduct. *See Mingo,* 864 F.2d at 102; *Goforth v. Owens,* 766 F.2d at 1535 (any order other than dismissal would have "greatly prejudiced" the defendants); *Cohen v. Carnival Cruise Lines, Inc.,* 782 F.2d 923, 925 (11th Cir.1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions). A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. *See Goforth,* 766 F.2d at 1535; *Rogers v. Kroger Co.,* 669 F.2d 317, 322 (5th Cir.1982). However, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant, dismissal is appropriate. *See Goforth,* 766 F.2d at 1535.

In *Goforth,* dismissal was appropriate where plaintiff's counsel engaged in a pattern of delay, and deliberately refused to comply with the directions of the court. See 766 F.2d at 1535 (dismissal with prejudice under Rule 41(b) affirmed). In *Goforth,* plaintiff's counsel failed to submit a preliminary statement as directed, failed to appear for a pretrial conference, and disobeyed the court's instruction to be ready to proceed with trial on a date certain. *See id.* Dismissal was upheld where the record supported an implicit finding that no lesser sanction would have served the interests of justice because the Court would have punished the defendants by granting plaintiff's motion for a continuance. *See id.*

In *Mingo,* a pattern of delay and refusal to comply with Court directions, including plaintiff's refusal to submit a preliminary statement and failure to comply with several deadlines, warranted dismissal with prejudice. *See Mingo v. Sugar Cane Growers Co-*

*op of Florida,* 1989 WL 205633 (S.D.Fla. May 26, 1989), on remand from *Mingo,* 864 F.2d 101, 102 (11th Cir.1989) (remanded for specific findings on whether lesser sanctions would suffice). Lesser sanctions would not serve justice where plaintiff's misconduct not only constituted a clear record of delay, but willful disregard. *See id.*

## II. *Application to IRC*

■ Based on Royal Palace's motion for sanctions [Docket No. 77], oral argument at the October 27, 1997 hearing, and the Court's review of the full record, the Court finds that sanctions are appropriate against both IRC and Teitelbaum, individually. Acting through its corporate counsel and President Melvin Teitelbaum, IRC willfully or recklessly violated two direct orders of the Court, Federal Rule of Civil Procedure 16 and Local Rule 3.06. *See* Fed.R.Civ.P. Rules 16(f) and 37(b)(2); *see also Mingo,* 864 F.2d at 102; *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985).

First, IRC failed to contribute in good faith to the preparation of the final pretrial statement ordered by the Court. The Second Scheduling Order specifically directs "lead trial counsel...to meet in person at least ten days prior to the deadline for filing the Final Pretrial Statement...." *See* Docket No. 57. Local Rule 3.06(b) also specifically directs that "it shall be the responsibility of counsel for all parties to meet together no later than ten (10) days before the date of the final pretrial conference." Local Rule 3.06 sets forth a detailed list of steps the parties must take to adequately prepare the pretrial statement, and for the final pretrial conference and, ultimately, trial. Despite the repeated attempts of Royal Palace's lead counsel to contact Teitelbaum and to jointly prepare the pretrial statement, IRC provided almost no input into its preparation.

Second, IRC failed to file its final pretrial statement on October 17, 1997 as required by the Second Scheduling Order. *See* Docket No. 57. Even if the Court had never entered the Second Scheduling Order, and the First Scheduling Order no longer applied, the Local Rules nevertheless required a final pre-

trial statement. Local Rule 3.06(C) directs that "[t]he pretrial statement shall be filed with the Court no later than three (3) days before the date of the final pretrial conference (or at such other time as the Court may direct)...." Third, IRC neglected even to file a motion requesting an extension of time to prepare and file the final pretrial statement when it became clear that it would not meet its obligations under the rules and orders of this Court.

Fourth, Teitelbaum failed to appear at the final pretrial conference scheduled for October 27, 1997. *See* Docket No. 57; *see also* Fed.R.Civ.P. 16; Local Rule 3.06(d). Teitelbaum failed to appear despite his knowledge that lead counsel must appear [First Scheduling Order, Docket No. 25 at 3; Second Scheduling Order, Docket No 57 at 4; Local Rule 3.06(d)] and his full knowledge of the scheduled final pretrial conference. Finally, IRC failed to file a motion requesting that lead counsel be excused from the Court's order to appear at the final pretrial conference, or even to substitute local counsel as lead trial counsel. *See* First Scheduling Order, Docket No. 25 at 3; Second Scheduling Order, Docket No 57 at 4; *see also* Fed. R.Civ.P. 16; Local Rule 3.06.

IRC's claim that it did not have knowledge of either the deadline for filing the pretrial statement or the date of the final pretrial conference is not worthy of belief. Even assuming that IRC did not receive the Second Scheduling Order—which is unlikely— IRC received opposition papers and Court orders referring to the Second Scheduling Order.

Specifically, Royal Palace's August 4, 1997 opposition to IRC's cross-motion for summary judgement [Docket No.68] specifically opposed IRC's cross-motion as untimely under the deadline for dispositive motions set in "this Court's Scheduling Order of March 20, 1997...." IRC's August 20, 1997 reply to Royal Palace's opposition to IRC's cross-motion [Docket No. 69] does not dispute the dispositive motions deadline claimed by Royal Palace. Further, the Court's September 26, 1997 order specifically denied IRC's cross-motion for summary judgment [Docket No. 65] as untimely based on the Court's March 20, 1997 scheduling order. *See* Docket No. 72. The Court's denial of IRC's cross-motion on the grounds that it violated a deadline set forth in the Second Scheduling Order should certainly have put IRC on notice of its existence. Finally, Teitelbaum's conversation with the undersigned's law clerk during the week prior to the final pretrial conference specifically confirmed the date of the final pretrial conference and the requirement that lead counsel be present.

█ The Court has reviewed the full range of possible sanctions, and did so on the record at the October 27, 1997 final pretrial conference with argument from counsel.[1] No sanction less severe than striking IRC's pleadings, entering judgement against IRC, and dismissing IRC's counter-claim will serve justice and cure the harm caused to Royal Palace. *See Mingo*, 864 F.2d at 102; *Goforth v. Owens*, 766 F.2d at 1535. The Court is aware of the severity of such sanction.

Specifically, the Court finds that IRC's failure to participate in the statement's preparation prevented the parties from complying with the requirements of Fed.R.Civ.P. 16, Local Rule 3.06, and the Court's scheduling order [Docket No. 57]. Since March 19, 1996, the date of the First Scheduling Order, IRC

---

1. The range of sanctions considered by the Court included:
    1.) order final pretrial statement filed within two days;
    2.) order final pretrial statement filed within two days and impose reasonable attorney's fees and costs on IRC and/or Teitelbaum;
    3.) order final pretrial statement filed within two days, impose reasonable attorney's fees and costs on IRC and/or Teitelbaum, and strike IRC's counter-claim;
    4) order the filing of Royal Palace's proposed unilateral pretrial statement as the governing statement and impose reasonable attorney's fees and costs on IRC and/or Teitelbaum;
    5.) strike IRC's counter-claim, order the filing of Royal Palace's proposed unilateral pretrial statement as the governing statement, and impose reasonable attorney's fees and costs on IRC and/or Teitelbaum; or
    6.) impose reasonable attorney's fees and costs on IRC and/or Teitelbaum, strike IRC's answer and counter-claim, and enter default judgment against IRC on Royal Palace's complaint.
*See* Fed.R.Civ.P. Rules 16(f) and 37(b).

knew of its duty to participate. Since March 20, 1997, the date of the Second Scheduling Order, IRC knew or should have known of the filing date. IRC actually knew that date through conversations with opposing counsel. Despite these facts, IRC did virtually nothing to comply.

By IRC's failure to make a good faith effort to participate, IRC prevented Royal Palace from preparing a pretrial statement setting forth the parties agreement on (1) the basis of federal jurisdiction; (2) a concise statement of the nature of the action; (3) a brief, general statement of each party's case; (4) a list of all exhibits and Rule 5.04 exhibit substitutes to be offered at trial with notation of all objections thereto; (5) a list of all witnesses who may be called at trial; (6) a list of all expert witnesses including, as to each such witness, a statement of the subject matter and a summary of the substance of his or her testimony pursuant to Fed. R.Civ.P. Rule 26(e)(1) and (3); (7) a statement of the elements of each claim of money damages and the amount being sought with respect to each such element; (8) a list of all depositions to be offered in evidence at trial, including a designation of the pages and lines to be offered from each deposition; (9) a concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions; (10) a concise statement of applicable principles of law on which there is agreement; (11) a concise statement of those issues of fact which remain to be litigated (without incorporation by reference to prior pleadings and memoranda); (12) a concise statement of those issues of law which remain for determination by the Court (without incorporation by reference to prior pleadings or memoranda); (13) a concise statement of any disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure; (14) a list of all motions or other matters which require action by the Court; and (15) the signatures of counsel for all parties. See Local Rule 3.06(c).

Indeed, at the final pretrial conference, IRC was prepared to discuss none of these matters. In addition, IRC's failures prevented the parties from making a good faith effort to (1) discuss the possibility of settlement; (2) stipulate to as many facts or issues as possible; (3) examine all exhibits and Rule 5.04 exhibit substitutes or documents and other items of tangible evidence to be offered by any party at trial; or (4) exchange the names and addresses of all witnesses. See Local Rule 3.06(b). In a case that badly needed a focus, or restriction, or limitation of peripheral issues before trial, IRC prevented the court from doing so at the final pretrial conference. Not having met with opposing counsel to prepare the final pretrial statement and perform the requirements of Local Rule 3.06 and this Court's scheduling order, the presence of IRC's local counsel at the scheduled pretrial conference was wholly inadequate to proceed with a final pretrial conference—and the impending trial.

The actions and inactions of IRC and Teitelbaum significantly prejudiced Royal Palace. IRC's failures caused the non-filing of an adequate pretrial statement and the non-attendance of lead trial counsel at the final pretrial conference less than two weeks before trial was set to begin. Though lead counsel for Royal Palace flew in from Chicago to attend the final pretrial conference, that conference could not effectively proceed. To force Royal Palace to proceed to trial without the benefit of an adequate pretrial meeting between lead trial counsel fulfilling the requirements of Local Rule 3.06, without the establishment of a final pretrial statement, and without the benefit of an effective final pretrial conference before the Court to narrow the contested issues, would prejudice Royal Palace's ability to effectively prosecute its claims and defend against those of IRC. See Fed.R.Civ.P. 16(e); Local Rule 3.06(e) (all pleadings deemed merged into pretrial order).

This Court is aware that such a sanction imposes a severe penalty on a client for the misconduct of an attorney. This is not a situation, however, where dismissal will punish an innocent client for the misconduct of its attorney. This Court would be hesitant to so punish a client who is innocent and unaware of its attorney's wrong-doing. In this case, however, the line between attorney

and client is blurred. Teitelbaum is not only corporate counsel leading IRC's involvement in the instant litigation, but is also the corporations' incorporator, sole officer, sole director, and active participant in the corporation's main business activity. *See* Docket No. 63 at 7–11. The record suggests that defendant/counter-claimant IRC preferred to delay an expected verdict against it. The record shows wilful delay. The Court further finds that the noncompliance of IRC and Teitelbaum is not substantially justified, and that no other circumstances make an award of expenses to Royal Palace unjust. *See* Fed.R.Civ.P. 16(f).

## IV. *Conclusion*

The motion at Docket No. 77 is DENIED to the extent that it seeks the filing of Royal Palace's unilateral final pretrial statement. The draft pretrial statement will remain in the file as an attachment to Docket No. 77. For the reasons set forth above and stated at the October 27, 1997 hearing, the motion at Docket No. 77 is GRANTED to the extent that it seeks sanctions. It is

ORDERED that the pleadings of International Resorts Classics, Inc. at Docket Nos. 7 and 8 be stricken and a default is hereby entered against International Resorts Classics, Inc. on Royal Palace's complaint at Docket No. 2. It is

FURTHER ORDERED that Melvin Teitelbaum, personally, and IRC shall pay the attorney's fees reasonably incurred by Royal Palace in preparing their unilateral final pretrial statement and in attending the scheduled final pretrial conference. It is

FURTHER ORDERED that the parties shall confer in a good faith effort to agree on the amount of the default judgment to be entered, including the amount of the attorney's fees. On or before December 8, 1997, the parties shall file a stipulated motion setting forth the amount agreed to, or a motion to set the amount of the default judgment with support to the extent opposed.