Norma VAUGHAN, Plaintiff,

v.

Kenneth APFEL, Defendant.

No. 6:99–cv–1481–Orl–18JGG.

United States District Court,
M.D. Florida,
Orlando Division.

Jan. 19, 2001.

Norma Vaughan, Tavares, FL, pro se.

Melvin Pearlman, Mel Pearlman, P.A., Fern Park, FL, for plaintiff.

Susan Roark Waldron, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, Elyse S. Sharfman, Mary Ann Sloan, Dennis Williams, Douglas Wilson, General Counsel's Office, Social Security Administration, Atlanta, GA, for defendant.

G. KENDALL SHARP, District Judge.

Approved and so ordered.

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

GLAZEBROOK, United States Magistrate Judge.

### I. BACKGROUND

This cause came on for consideration on the Court's own motion. On November 19, 1999 plaintiff Norma Vaughan filed a confusing twenty-six page complaint apparently seeking review of the defendant Commissioner of Social Security's determination to deny Vaughan's request for "widow's benefits." Docket No. 1. The complaint implies that this denial resulted from the fact that Vaughn and her late former husband Buford Vaughan were "**forced** to divorce against their **spiritual will** in an act invading not only their privacy rights but violating the very principle of separation of Church and State on which this country was founded." Docket No. 1 at 3 (emphasis in original). The complaint also requested that Vaughan be represented in this action by Ms. Maria Ann Smania, a nonlawyer.[1]

On March 3, 2000, defendant Commissioner of the Social Security Administration filed a motion to strike the complaint pursuant to Federal Rule of Civil Procedure 12(f), which permits the Court to strike from any pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court heard this motion on

---

1. The complaint notes that Smania is "currently under an injunction, issued by the Florida Supreme Court, which prohibits her advocacy representation of Ms. Vaughan in a court of law." Docket No. 1 at 2. However, the complaint asserts that Smania's representation of Vaughan is justified by "an unprecedented theory of 'radical autonomy' extrapolated from the *Declaration of Independence.*" Docket No. 1 at 6.

May 24, 2000. Docket No. 12. By order dated May 26, 2000, the Court granted defendant's motion and allowed Vaughn until May 15, 2000 to file an amended complaint. The Court further warned her that failure to do so might result in dismissal of this action. Docket No. 14. On May 11, 2000, Vaughn filed a pleading captioned "Plaintiff's Amended Complaint and Motion for Rehearing Pursuant to Federal Rule of Civil Procedure 60(a)(b)." Docket No. 16. On May 30, 2000, Vaughn filed a motion captioned "Plaintiff's Motion to Delay Further Proceedings Until a 'Competent' Legal Practioner is Appointed." Docket No. 18. By endorsed orders dated June 19, 2000, the Court denied the motion portion of Docket No. 16 and the motion at Docket No. 18. The Court stated that Vaughn could not combine pleadings and motions, and gave her until July 5, 2000 to file an amended complaint, once again warning her that failure to do so might result in dismissal. By endorsed order dated July 10, 2000, the Court denied Vaughn's motion to extend this deadline. Docket No. 20. The Court gave Vaughn until July 21, 2000 to comply with its order or face dismissal. On July 20, 2000, Vaughn filed a "Notice of Intent to Appeal." Docket No. 21.

## II. *APPLICABLE LAW*

Federal Rules of Civil Procedure 16(f) and 37(b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed.R.Civ.P. 16(f) provides, in pertinent part, that:

If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses in-curred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 16 (emphasis added). Fed. R.Civ.P. 37(b)(2) provides, in relevant part, that the Court may issue:

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Fed.R.Civ.P. 37(b)(2)(B)-(D).

■■ A trial court is justified in dismissing an action under Rule 16(f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). The sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See Goforth*, 766 F.2d at 1535. In addition, the district court possesses the inherent power to police its docket. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Mingo v. Sugar Cane Growers Co–op of Florida*, 864 F.2d 101, 102 (11th Cir.1989). Incident to this power, the judge may impose formal sanctions upon dilatory litigants. *See Mingo*, 864 F.2d at 102. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice. *See Mingo*, 864 F.2d at 102.

■■ Dismissal is warranted only on a clear record of delay or willful contempt. *See Mingo*, 864 F.2d at 102; *Goforth*, 766

F.2d at 1535 (11th Cir.1985). The Court must find that lesser sanctions will not suffice before a party can be penalized for its attorney's misconduct. *See Mingo,* 864 F.2d at 102; *Goforth,* 766 F.2d at 1535 (any order other than dismissal would have "greatly prejudiced" the defendants); *Cohen v. Carnival Cruise Lines, Inc.,* 782 F.2d 923, 925 (11th Cir.1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions). A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. *See Goforth,* 766 F.2d at 1535; *Rogers v. Kroger Co.,* 669 F.2d 317, 322 (5th Cir.1982). However, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant, dismissal is appropriate. *See Goforth,* 766 F.2d at 1535.

In *Goforth,* dismissal was appropriate where plaintiff's counsel engaged in a pattern of delay, and deliberately refused to comply with the directions of the court. *See Goforth,* 766 F.2d at 1535 (dismissal with prejudice under Rule 41(b) affirmed). In *Goforth,* plaintiff's counsel failed to submit a preliminary statement as directed, failed to appear for a pretrial conference, and disobeyed the court's instruction to be ready to proceed with trial on a date certain. *See Goforth,* 766 F.2d at 1535. Dismissal was upheld where the record supported an implicit finding that no lesser sanction would have served the interests of justice because the Court would have punished the defendants by granting plaintiff's motion for a continuance. *See Goforth, 766 F.2d at 1535.*

In *Mingo,* a pattern of delay and refusal to comply with Court directions, including plaintiff's refusal to submit a preliminary statement and failure to comply with several deadlines, warranted dismissal with prejudice. *See Mingo v. Sugar Cane Growers Co-op of Florida,* 1989 WL 205633 (S.D.Fla. May 26, 1989), on remand from *Mingo,* 864 F.2d 101, 102 (11th Cir.1989) (remanded for specific findings on whether lesser sanctions would suffice). Lesser sanctions would not serve justice where plaintiff's misconduct not only constituted a clear record of delay, but also a willful disregard of an order.

## III. *APPLICATION*

■ Vaughn has deliberately disregarded three orders from this Court to file an amended complaint. More than one year after the original complaint was filed in November 1999 (and more than eight months after the Court struck it), this action lacks an operative complaint. This matter simply cannot proceed without an operative complaint. Though hesitant to impose the[*9] ultimate sanction of dismissal, the Court finds that no lesser sanction will suffice. Accordingly, it is

RECOMMENDED that this matter be DISMISSED with prejudice.

Failure to file and serve written objections to the proposed findings and recommendations in this report, pursuant to 28 U.S.C. § 636(b)(1)(B) and (e) and Local Rule 6.02, within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.