[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11469
Non-Argument Calendar

_____

D. C. Docket No. 05-01223-CV-CC-1

DAVID G. TURNER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 18, 2006)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

David Turner, proceeding pro se, appeals the district court's dismissal of his

complaint, with prejudice, for failure to comply with a court order. For the reasons that follow, we vacate and remand.

## I. Background

On May, 9, 2005, Turner filed a pro se complaint against the IRS challenging its failure to grant him a collection-due-process hearing before imposing a levy against his property. Turner served a copy of the complaint on the United States Attorney General by registered mail, but failed to include a summons. In an answer filed on July 6, 2005, the Government raised the affirmative defense of "insufficiency of process" for failure to serve a summons as required by Federal Rules of Civil Procedure 4(c)(1) and 4(i)(1). On August 31, 2005, more than 120 days after filing his complaint, Turner sent copies of unsigned, undated summonses to the district court, the Attorney General, the United States Attorney for the Northern District of Georgia, and an IRS employee. He also submitted copies of postal return receipts as proof that all interested parties had received his complaint.

On November 4, 2005, the district court found that, in violation of Local Rule 16.2, neither Turner nor the Government had filed preliminary reports and discovery plans within 30 days after the Government filed its answer. Consequently district court ordered the parties to file the required statements on or

2

before November 18, 2005, or show cause why the case should not be dismissed for failure to comply with the local rule. The Government complied with the district court's order, but Turner did not. On November 23, 2005, the district court dismissed the case with prejudice under Federal Rule of Civil Procedure 41(b) citing Turner's failure to comply with the court's order. Alleging that he never received the show-cause order, Turner moved to alter or amend the judgment of dismissal and asked for an additional 20 days in which to comply. The district court denied Turner's motion, finding dismissal was still warranted on the alternate ground that Turner failed to effect service of process pursuant to Rules 4(c)(1) and 4(i)(1). Turner now appeals.

## II. Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss actions *with prejudice* if the plaintiff fails to comply with any court order, local rule, or Federal Rule of Civil Procedure. Fed. R. Civ. P. 41(b). We review such orders for abuse of discretion. Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993) (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir.

2005) (internal quotations omitted).

Because dismissal with prejudice is a "drastic" remedy, a district court "may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films, Inc. v. Int'l Family Entm't, 41 F.3d 1454, 1456 (11th Cir. 1995); see also, Kilgo, 983 F.2d at 192 (citing a line of Eleventh Circuit cases articulating this standard). "[F]indings satisfying *both prongs* of our standard are essential before dismissal with prejudice is appropriate." Id. at 1339 (citing Mingo v. Sugar Cane Growers Co-op. of Florida, 864 F.2d 101, 102-03 (11th Cir. 1989)) (emphasis added). Mere delay or simple negligence will not suffice; dismissal with prejudice "must, at a minimum, be based on evidence of willful delay." Kilgo, 983 F.2d at 192-93 (citations and internal quotation marks omitted). And, "[a]lthough we occasionally have found implicit in an order the conclusion that lesser sanctions would not suffice, we have never suggested that the district court need not make that finding." World Thrust Films, 41 F.3d at 1456 (citations omitted). "This court has only inferred such a finding 'where lesser sanctions would have greatly prejudiced' defendants.'" Id. at 1456 (quoting Kilgo, 983 F.2d at 193 (citations omitted)).

In this case, the district court dismissed Turner's complaint with prejudice

4

on the grounds that he failed to comply with local rules and with a court order. The district court subsequently denied Turner's motion to alter that judgment because it found dismissal was also proper on the alternate ground of insufficient service of process. We conclude that neither ground justifies dismissal with prejudice.

A. Improper Service of Process

The district court denied Turner's motion to alter the judgment of dismissal with prejudice because it found dismissal was still justified by Turner's failure to properly serve the Government as required by Federal Rules of Civil Procedure 4(c)(1) and 4(i)(1). We review a district court's denial of a motion to alter or amend the judgment for abuse of discretion. Drago v. Jenne, 453 F.3d 1301, 1305 (2006) (citing Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998)).

"[T]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." Fed. R. Civ. P. 4(c)(1). Under Rule 4(m),

[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall *dismiss* the action *without prejudice* as to that defendant *or direct that*

*service be effected within a specified time*; provided that if the plaintiff shows *good cause* for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Here, although Turner properly served the complaint on the Attorney General by certified mail, he did not include a summons, thereby failing to effect service pursuant to Rule 4. Turner argues that his defective service did not warrant dismissal with prejudice because: (1) he substantially complied with the service requirements; (2) his pro se status should have entitled him to a certain degree of leniency regarding service of process; (3) the Government suffered no prejudice from the defects in service; and (4) he never knowingly or willfully ignored any of the district court's orders. We find that under the circumstances of this case, Turner's failure to effect proper service did not justify the "draconian remedy of a dismissal with prejudice." Betty K. Agencies, 432 F.3d at 1339.

It bears repeating that "dismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt *and* that lesser sanctions would not suffice." Id. at 1340 (citations omitted) (emphasis added). "We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing, and we strive to

6

afford a litigant his or her day in court, if possible." Id. (citations omitted).

In this case, the district court failed to find that Turner's defective service was willful or contumacious. Moreover, the court failed to find that lesser sanctions were inadequate to correct the defects in service. Indeed, Rule 4(m) explicitly prescribes a lesser sanction for failure to complete service by requiring the district court to "dismiss the action *without prejudice*" or "direct that service be effected." Fed. R. Civ. P. 4(m). And although "we occasionally have found implicit in an order the conclusion that lesser sanctions would not suffice, . . . "[t]his court has only inferred such a finding 'where lesser sanctions would have greatly prejudiced' defendants.'" World Thrust Films, 41 F.3d at 1456 (quoting Kilgo, 983 F.2d at 193 (citations omitted)). Yet nothing in the record indicates that a lesser sanction would have "greatly prejudiced" the Government.

Accordingly, the district court abused its discretion by denying Turner's motion to alter the judgment of dismissal with prejudice.

B. Failure to Comply with a Court Order or Local Rule

Even if the district court abused its discretion by finding that dismissal with prejudice was proper because service was defective, the Government contends that the district court's denial of Turner's motion to alter the judgment was proper because dismissal was warranted for Turner's failure to comply with local rules

7

and the district court's show-cause order.

Local Rule 16.1 requires litigants to file discovery plans and preliminary reports with the district court within 30 days after the defendant has filed an answer. N.D. Ga. R. 16.1. Federal Rule of Civil Procedure 41(b) allows a district court to dismiss actions *with prejudice* if the plaintiff fails to comply with, inter alia, any court order or local rule. Fed. R. Civ. P. 41(b); Kilgo, 983 F.2d at 192. And Local Rule 41.3 states that the district court may dismiss a civil action with prejudice if a plaintiff: (1) "willfully fails to make" or refuses to cause a case to be made ready for placement on the trial calendar; or (2) after notice, "fail[s] or refuse[s] to obey a lawful order of the court in the case." N.D. Ga. R. 41.3A(1)-(2); see also N.D. Ga. R. 41.3B.

Here, the district court failed to make any findings that Turner's failure to comply with the court's show-cause order "*clearly* demonstrates" a pattern of delay or willful contempt. While the Government points to Turner's conduct in the underlying tax action, it offers nothing to show a pattern of *willful* contempt before the district court, and we cannot infer such from the record. Nor did the district court make any finding that lesser sanctions would not suffice. Again, we have "only inferred such a finding 'where lesser sanctions would have greatly prejudiced' defendants.'" World Thrust Films, 41 F.3d at 1456 (citations omitted).

And because we cannot envision how the Government would have been greatly prejudiced by a lesser sanction, we refuse to infer such a finding. Hence, the government's argument that the district court's show-cause order *implicitly* demonstrated its willingness to consider lesser sanctions is inapposite.

Accordingly, the district court ignored the unambiguous standard governing dismissals with prejudice, thereby abusing its discretion.

## III. Conclusion

For the reasons above, we VACATE and REMAND for further proceedings consistent with this opinion.