**Dianne Sue COHEN,
Plaintiff-Appellant,**

v.

**CARNIVAL CRUISE LINES, INC.,
Defendant-Appellee.**

No. 85–5086.

United States Court of Appeals,
Eleventh Circuit.

Feb. 18, 1986.

---

Brady D. Green, Atlanta, Ga., for plaintiff-appellant.

Smathers & Thompson, Rodney Earl Walton, Miami, Fla., for defendant-appellee.

Before HATCHETT and CLARK, Circuit Judges, and ALLGOOD *, Senior District Judge.

PER CURIAM:

Appellant Dianne Sue Cohen brings this appeal from the district court's dismissal of her case for failure to obtain local counsel in accordance with the district court's local rules. Appellant contends that the district court abused its discretion in granting appellee Carnival Cruise Lines' motion to dismiss. While we concede the importance of prompt compliance with the local counsel rule, we find nonetheless that the sanction of dismissal with prejudice was not warranted in this case. Therefore, we vacate the decision below.

The sole issue in this appeal is whether the district court abused its discretion in ordering dismissal. The district court has authority under Rule 41(b) to dismiss for failure to comply with court orders or federal rules. *See* Fed.R.Civ.P. 41(b). Since dismissal with prejudice[1] has such drastic consequences for the plaintiff, such dismissal is proper only where there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). Thus, even though local rules are valid and binding on the parties,[2] their enforcement must be tempered with due consideration of the circumstances.

Appellant Cohen, a passenger aboard one of appellee's ships, was injured during a cruise and filed suit in a New Jersey state court on March 14, 1984. The case was removed on diversity jurisdiction to federal court in April. On September 17, the parties agreed[3] to transfer the case to the Southern District of Florida, and transfer was completed on September 24, 1984. One week later, appellee demanded appearance of local counsel but appellant had not yet obtained representation. Three weeks thereafter, appellee filed a motion to dismiss for failure to obtain local counsel.[4]

---

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Unless the trial court specifies that dismissal is without prejudice, the dismissal operates as an adjudication on the merits. *See* Fed.R.Civ.P. 41(b).

2. *See Weil v. Neary*, 278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243 (1929).

3. The case was transferred pursuant to a clause in the contract of passage requiring the passenger to bring any action in the Southern District of Florida.

4. Special Rule 4 of the Southern District of Florida provides that "except when pro haec vice appearance is permitted by the court pursuant to this Rule, only members of the bar of this district may appear as attorneys in the courts of this district." Appellant's New Jersey counsel was not admitted in the state of Florida or the Southern District.

Although appellant did not respond to the motion, she moved on November 13 to admit her New Jersey counsel *pro haec vice.* The motion for *pro haec vice* was denied and appellee's motion for dismissal was granted on December 26, 1984. A timely appeal followed.

This recital of the proceedings below shows that the case was dismissed only three months and two days after it was transferred to the proper court. We have not found a similar case in this circuit of dismissal within such a short time after commencement of the action. In *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241 (5th Cir.1980), this court reversed dismissal of a case for counsel's failure to attend a pretrial conference where the case had been pending almost ten months. Plaintiff's counsel in *Gonzalez* had not only failed to attend the conference, he had failed to promptly comply with a court order to gain admission to the court's bar. *See id.* at 248. Yet this court refused to find a clear pattern of delay or willful contempt on these facts. Similarly, in *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554 (5th Cir.1981), this court reversed a dismissal with prejudice where, in the two years since filing suit, plaintiffs had taken no depositions, made no discovery, filed a pre-trial order six days late and filed proposed conclusions of law and fact on the first day of trial, some 43 days after the court-ordered deadline. *See id.* at 556. Very recently this court affirmed dismissal for counsel's failure to submit a preliminary statement after twice being ordered to do so. *See Goforth v. Owens,* 766 F.2d 1533 (11th Cir.1985). That case had been pending a full six months, however, before the trial court took the drastic step of dismissal. *See id.* at 1534. Thus, it appears that the three month delay in this case may not be sufficient cause to dismiss with prejudice.

Furthermore, we find no clear record of delay or willful contempt despite appel-

lant's failure to timely retain local counsel. Appellant did attempt to retain counsel. Appellant's New Jersey counsel filed an affidavit soon after the motion to dismiss stating that he had contacted a number of Florida attorneys without success and therefore moved to appear *pro haec vice. See* Record at 15. Appellant petitioned pro se, after dismissal, for a rehearing, advising the court that as of January 15, 1985, she had finally obtained local counsel.[5] Equally important, appellant's efforts took place while she prosecuted her claim with some diligence, propounding and replying to interrogatories and responding to some of appellee's discovery requests. Cases sanctioning dismissal in this circuit have involved dereliction far greater than that shown here. *See, e.g., Jones v. Graham,* 709 F.2d 1457 (11th Cir.1983) (failure to timely comply with 5 court orders; motion to dismiss unopposed for 8 months); *Martin-Trigona v. Morris,* 627 F.2d 680 (5th Cir.1980) (failure to comply with 3 court orders; motion to dismiss unopposed for 10 months).

The trial court's dismissal of this case is improper not only in the absence of clear delay or willful contempt, but also in view of the court's failure to consider less drastic sanctions for non-compliance. Dismissal with prejudice is proper only where a lesser sanction would not serve the interest of justice. *See Goforth,* 766 F.2d at 1535. The district court did not indicate in its order of dismissal that it had even considered lesser sanctions, much less found that justice dictated dismissal. Such a deficiency was sufficient in *McGowan v. Faulkner Concrete, supra,* to vacate an order of dismissal. The *McGowan* court noted that the trial court should have considered a fine or other penalty before dismissal. *See* 659 F.2d at 558. Similarly, this court in *Gonzalez v. Firestone, supra,* vacated a dismissal where the trial court had not first issued orders for compliance nor even warned that dismissal was in the

---

5. Appellee contends that the attorney retained subsequent to dismissal is not, in fact, qualified to appear but we prefer to rely on appellant's representations to this court at oral argument that she had obtained qualified local counsel.

court's contemplation. *See* 610 F.2d at 248. Cases affirming dismissal stand in sharp contrast to *McGowan, Gonzalez* and the instant case. Numerous orders for compliance were issued in *Jones v. Graham, Martin-Trigona* and *Goforth, supra.* Only after prolonged indifference did those courts order dismissal. The *Goforth* court even made explicit findings that any sanction other than dismissal would cause great prejudice to the other party fully prepared to begin the trial. *See* 766 F.2d at 1535. The lower court in this case noted no similar prejudice.

Thus, we conclude that the district court abused its discretion in dismissing this case with prejudice. The proceedings below, while certainly hampered by appellant's failure to obtain local counsel, do not indicate contumacious delay. Lesser sanctions should have been imposed before the court resorted to dismissal. Consequently, we vacate the order and remand for further proceedings in accordance with this opinion.

VACATED and REMANDED.