[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15065

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00217-CV-OC-10-GRJ

ROBERT ZIINO,

Plaintiff-Counter-
Defendant-Appellant,

versus

CAROLYN A. BAKER,
as Personal Representative of
the Estate of William W. Wellman,
deceased, and as Trustee of the
William D. Wellman Revocable Trust,
H. JOHN FELDMAN,
as Personal Representative of
the Estate of William W. Wellman,
deceased, and as Trustee of the
William D. Wellman Revocable Trust,

Defendants-Counter-
Claimants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 11, 2010)

Before DUBINA, Chief Judge, PRYOR and MARTIN, Circuit Judges.

DUBINA, Chief Judge:

Robert Ziino appeals the district court's grant of summary judgment on his claims against an estate and its representatives and a trust and its trustees. Ziino's former domestic partner, Laura Wellman, allegedly owes him $800,000 on two promissory notes. In Wellman's prior bankruptcy proceeding, the bankruptcy court allowed Ziino's claims on the promissory notes. Ziino now seeks to levy against assets held in trust for Wellman in this action based on the bankruptcy court order. Because we conclude from the record that the bankruptcy court order was not a final, executable money judgment, Ziino's claims fail, and we affirm the grant of summary judgment.

## I. BACKGROUND

Ziino and Wellman lived together in California for a number of years in a familial, non-marital relationship. During that time they had a son, of whom they share joint custody. At the termination of their relationship, Ziino and Wellman

negotiated a settlement where Wellman executed promissory notes representing half of her estimated future inheritance from her father. Ziino claims that they intended the promissory notes equalize their assets for the benefit of their child, but the notes were not incorporated into any court order regarding child custody, visitation, or support.

Wellman filed for personal bankruptcy under Chapter 7 in 2002. During the proceeding, Ziino filed a proof of claim against Wellman's estate for the principal on the promissory notes. Wellman objected to the claim because she contended that the promissory notes lacked consideration. The bankruptcy court rejected Wellman's argument and allowed the claims against the estate. A Ninth Circuit Bankruptcy Appellate Panel affirmed the bankruptcy court order. Ziino received nearly $160,000 from the bankruptcy estate, though the bankruptcy court ultimately denied Wellman's discharge under Chapter 7.

In Count Three of his complaint, the only count now on appeal, Ziino seeks to enforce his allowed bankruptcy claim against distributions allegedly owed to Wellman by the Wellman Revocable Trust. A magistrate judge recommended that summary judgment be granted against this claim, and the district court adopted the magistrate judge's recommendation.

## II. STANDARD OF REVIEW

3

We review *de novo* a district court's grant of summary judgment. *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009).

## III. DISCUSSION

At issue in this case is the potence of an allowed claim in a bankruptcy proceeding. Ziino argues that his allowed bankruptcy claim is an executable judgment, one that enables him to levy against any asset belonging to the bankruptcy debtor. For this proposition, Ziino cites a number of cases holding that an allowed claim in bankruptcy is a "final judgment" for the purposes of *res judicata*. *See EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 625 (2d Cir. 2007) (holding "that a bankruptcy court order allowing an uncontested proof of claim constitutes a 'final judgment' and is thus a predicate for *res judicata*"); *In re Baudoin*, 981 F.2d 736, 742 (5th Cir. 1993) (noting "that bankruptcy court orders authorizing the sale of part of the estate or confirming such sale are final judgments on the merits for *res judicata* purposes").

Ziino fails to acknowledge, however, that a "judgment" is a term whose meaning depends on the context in which it is used. For instance, a "final judgment" can simply be "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Additionally, as Ziino correctly notes, a "final judgment" can be any resolution of a dispute from which a preclusive effect flows. *See, e.g., Baudoin*,

4

981 F.2d at 742. But, in terms of a judgment subject to execution, a "money judgment" must exist. *See* Fed. R. Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise.").

An allowed claim in bankruptcy serves a different objective from that of a money judgment—it permits the claimant to participate in the distribution of the bankruptcy estate. *See* 11 U.S.C. § 507 (2006); 4 *Collier on Bankruptcy* ¶ 501.01[2][b] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010). "[T]he assertion of a claim in bankruptcy is, of course, not an attempt to recover a judgment against the debtor but to obtain a distributive share in the immediate assets of the proceeding." *Matter of Mobile Steel Co.*, 563 F.2d 692, 700 (5th Cir. 1977) (quoting *In re Kansas City Journal-Post Co.*, 144 F.2d 791, 803–04 (8th Cir. 1944)); *see also* 10 *Collier on Bankruptcy* ¶ 7069.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) ("By its terms, Civil Rule 69 is applicable to enforcement of only judgments for the payment of money. . . . If the underlying cause of action against the estate arose prepetition, it normally will be dealt with as a claim to be satisfied by a distribution upon liquidation or under a reorganization plan . . . .").

In order to execute on a judgment under Rule 69, Ziino must have obtained a money judgment. The district court correctly concluded that an allowed claim in

5

bankruptcy and a money judgment are not functionally identical. The bankruptcy court order allowing Ziino's claim bears little resemblance to a money judgment. *See* R. 1, Ex. C, at 3 ("overruling Wellman's objection to Ziino's proof of claim" on the two promissory notes). The order contains no clear designation of Ziino's entitlement, especially in view of his significant recovery from the bankruptcy estate after the order issued.

We finally reject Ziino's argument that his privately negotiated agreement with Wellman qualifies as an enforceable judgment for child support. The underlying bankruptcy court order acknowledged the professed purpose for the promissory notes, but did not render a judgment for child support that would be enforceable under Florida law. *See* Fla. Stat. § 88.6031 (2004) (providing for the enforceability of foreign child support orders). Without a judgment on which to execute, Ziino's remaining arguments about the validity of the trusts are moot.

## IV. CONCLUSION

Ziino's allowed claim in the prior bankruptcy proceeding is not a judgment on which he can execute against assets of the debtor. Ziino's proper recourse is to file a direct action against Wellman for her breach of the promissory note obligations. Until an executable money judgment against Wellman exists, it is improper to attempt to levy against assets held by or for her. For these reasons, we

affirm the district court's grant of summary judgment in favor of the trustees and

estate representatives.

AFFIRMED.