[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2010
JOHN LEY
CLERK

No. 09-14783
Non-Argument Calendar
_____

D. C. Docket No. 09-00943-CV-T-27-EAJ

HARRY MICHAEL SCHMITT,

Plaintiff-Appellant,

versus

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 23, 2010)

Before EDMONDSON, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Harry Michael Schmitt appeals the district court's *sua sponte* order dismissing his amended *pro se* complaint with prejudice for his willful failure to comply with an earlier court order and his re-filing of a duplicative action.[1] On appeal, Schmitt proceeds *pro se* and argues that his claim was "clearly pled and un-rebutted by Appellees." He therefore requests that we remand the case and instruct the district court to hold an evidentiary hearing on his claims. After a careful review of the record, we affirm the judgment of the district court.

"We review for abuse of discretion a district court's dismissal for failure to comply with the rules of court." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). On motion of defendant, Rule 41(b) authorizes a district court to dismiss an action for failure to comply with a court order or federal rule. Fed. R. Civ. P. 41(b). The court also has the inherent ability to dismiss a claim in light of "its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citation omitted). However, since dismissal with prejudice is considered a sanction of "last resort, applicable only in extreme circumstances,"

---

[1]Although the district court did not indicate whether the dismissal was with or without prejudice, where the district court fails to specify, the dismissal is deemed to have been with prejudice. *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 n.1 (11th Cir. 1986) (per curiam).

2

*id.* (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)), it is not proper unless the district court finds a "clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies*, 432 F.3d at 1339.

Schmitt's amended complaint was submitted on a standardized form entitled "U.S. Office of Special Counsel Complaint of Possible Personnel Practice or Other Prohibited Activity." Although the nature of his complaint is unclear, it appears that he is alleging an attorney for the United States Navy coerced a Naval Ordinance Test Unit ethics officer into providing a false statement to a Navy investigator during the course of an employment investigation. It is not clear whether Schmitt sought review of earlier Merit Systems Protection Board proceedings, review of the United States Navy administrative proceedings, or whether he is attempting to bring a federal suit under Title VII, other regulations and statutes addressing workplace retaliation, or what he terms the "Medical Privacy Act."

While the court is obligated to construe a *pro se* litigant's pleadings liberally, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a party who proceeds *pro se* nevertheless must comply with the same procedural rules that other litigants must follow. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th

Cir. 2002) (per curiam) (citation omitted). Where it appears that a more carefully drafted complaint might state a claim, the district court should give a *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (overruling *Bank* as it relates to counseled litigants, but specifically declining to do so for *pro se* litigants).

Here, the district court did not abuse its discretion. In this case, the district court dismissed Schmitt's initial complaint and granted him leave to amend, permitting him an opportunity to assert his claim in compliance with the Federal Rules. Rather than comply, Schmitt filed a timely amended complaint on a standardized form that is specifically designed for administrative actions in the United States Office of Special Counsel. Under a liberal construction, the complaint loosely identifies the United States Navy as a potential defendant but still fails to comply with Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, the amended complaint indicates Schmitt's previous attempts to institute proceedings in the United States District Court for the Middle District of Florida and the United States Court of Federal Claims based on the same facts.

We agree with the district court that allowing Schmitt's action to continue would have resulted in unnecessarily prolonged proceedings and immense expenditure of resources, and would have been an undue burden on the court's docket. Even a liberal reading of the complaint would not allow the district court to determine the basis for the suit or any applicable law, nor would it provide any potential defendant with notice of a claim or the grounds supporting it, as required by *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct 99, 103 (1957). Thus, the district court acted within its discretion when it dismissed Schmitt's amended complaint based on his willful failure to comply with the court's previous order and his re-filing of a duplicative action. The district court explicitly found that a lesser sanction than dismissal was not sufficient, and this Court agrees. Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**