[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2011
JOHN LEY
CLERK

No. 11-10813
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cv-61257-JAL


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHIRLEY A. VARNADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 3, 2011)

Before CARNES, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

The United States filed a lawsuit against Shirley Varnado, seeking judgment against her based on an overdue student loan. Varnado appeals pro se from the district court's entry of a final default judgment against her as a result of her repeated failure to comply with court orders to participate in discovery. Varnado contends that the district court abused its discretion because: (1) she did not consent to have a magistrate judge exercise jurisdiction; (2) she had no duty to participate in discovery because the government did not first obtain a money judgment; and (3) the circumstances did not warrant the severe sanction of a default judgment.

We review for an abuse of discretion a district court's grant of a default judgment. Sanderford v. Prudential Ins. Co., 902 F.2d 897, 898 (11th Cir. 1990). A district court's findings of fact are reviewed only for clear error. Mitchell v. Hillsborough Cnty., 468 F.3d 1276, 1282 (11th Cir. 2006). Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se litigants still have to comply with procedural rules. Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011).

I.

Varnado contends that the magistrate judge exceeded his authority by entering an order to compel discovery, an order of contempt, and a report recommending default judgment. Varnado argues that all of the magistrate judge's actions after she withheld consent to his jurisdiction over dispositive matters under 28 U.S.C. § 636(c) are void for lack of personal and subject matter jurisdiction.

The jurisdiction and powers of magistrate judges are set forth primarily by 28 U.S.C. § 636. Thomas v. Whitworth, 136 F.3d 756, 758 (11th Cir. 1998). A district court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain listed exceptions that do not apply here. 28 U.S.C. § 636(b)(1)(A). A district court also may authorize a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for the disposition of a case. Id. § 636(b)(1)(B). Although consent of the parties is required for a magistrate judge to enter judgment in a case, id. § 636(c)(1), it is not required for actions taken under § 636(b). See id. § 636(b); Thomas, 136 F.3d at 758.

Varnado's consent was not required because the magistrate judge's actions were within the scope of § 636(b), and his orders to compel discovery addressed pre-trial, non-dispositive matters contemplated by the statute. As for the dispositive matter of default judgment, the magistrate judge issued a report and

3

recommendation, which was also within his statutory authority. After conducting a <u>de novo</u> review, the district court—not the magistrate judge— entered judgment in this case.

## II.

Varnado also contends that under Fed.R.Civ.P. 69 the government had no right to request discovery until a money judgment was entered against her. She argues that, because a money judgment had not been entered against her, the order to compel discovery responses and the order finding her in contempt were improper, making the default judgment that followed improper. Alternatively, she argues that if the government sought discovery under Fed.R.Civ.P. 26, then Rule 26(f) required the parties to confer before any discovery was sought. She also asserts that she was entitled to a hearing on her opposition to discovery requests and that the government was required to cooperate with her before filing a motion to compel.

The relevant practices and procedures for discovery in a civil action are contained in Fed.R.Civ.P. 26 through 37. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed.R.Civ.P. 26(b)(1). Parties seeking discovery are normally required to confer before a scheduling conference is held or scheduling order is issued, but actions

4

brought by the United States to collect on a student loan that it has guaranteed are exempted from the conferral requirement. Fed.R.Civ.P. 26(a)(1)(B)(vii) & (f)(1) (exempting from the conferral requirement those actions that are exempted from the initial disclosures requirement).

Varnado's argument that Fed.R.Civ.P. 69 applies to the present dispute is without merit. That rule applies to execution on a money judgment, and in order for it to apply a "money judgment" must exist. Ziino v. Baker, 613 F.3d 1326, 1328 (11th Cir. 2010). The government did not seek enforcement of a money judgment, so the discovery procedures contained in Rule 69 are inapplicable.

The government properly moved for an order compelling discovery responses under Rule 37. See Fed.R.Civ.P. 37(a)(1). Because the underlying action was brought by the United States to recover on a student loan, the conferral requirement was inapplicable. See Fed.R.Civ.P. 26(a)(1)(B)(vii) & (f)(1). The record shows that the government made numerous attempts to obtain discovery from Varnado before it filed motions to compel and for contempt. Because Varnado failed to obey orders compelling discovery, the court had the authority to issue sanctions, including treating the failure to obey as contempt of court and rendering a default judgment against Varnado. See Fed.R.Civ.P. 37(b)(2)(A)(vi) & (vii). Nothing in Rule 37 required the district court to conduct a hearing before

5

imposing a sanction for failure to provide discovery. The discovery procedure here complied with Rules 26 and 37.

## III.

Finally, Varnado contends that the sanction of default judgment is inappropriate under the circumstances of her case. She argues that because she is pro se, default judgment should be imposed only as a last resort, and she had a right to a hearing regarding whether her conduct was willful.

We have held that pro se litigants are subject to the Federal Rules of Civil Procedure, including sanctions for misconduct and for failure to comply with court orders. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). A default judgment is a drastic sanction that should be used only in extreme situations because it is preferable for cases to be heard on the merits. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). As we have already discussed, however, Rule 37 permits the district court to render a default judgment against a party who fails to comply with court orders regarding discovery. See Fed.R.Civ.P. 37(b)(2)(A)(vi). In imposing that sanction, the district court must make a finding of willful or bad faith failure to comply with court orders. Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). The district court must also

determine that lesser sanctions would not serve the interests of justice. <u>Cohen v. Carnival Cruise Lines, Inc.</u>, 782 F.2d 923, 925 (11th Cir. 1986).

Because <u>pro se</u> litigants are subject to sanctions for noncompliance with court orders, Varnado's <u>pro se</u> status did not preclude the default judgment. The district court properly conducted a <u>de novo</u> review before adopting the magistrate judge's report and recommendation and entering default judgment, finding that "[t]he record in this case provides overwhelming evidence of [Varnado's] bad faith and willful failure to obey the Court's orders." In addition, the magistrate judge's report expressly found that a lesser sanction would be ineffective. The judge reasoned that "[t]he Court has been generous in granting this pro se defendant multiple opportunities to comply but she has repeatedly and flagrantly failed to cooperate, even after having attorneys' fees assessed against her." Furthermore, a hearing is not required before default judgment is entered. <u>See</u> Fed.R.Civ.P. 37(b)(2)(A)(vi) & 55(b).

The magistrate judge acted within his statutory authority, the government properly sought discovery, and Varnado's repeated failure to comply with discovery orders supported the drastic sanction of a default judgment. The district court did not abuse its discretion by entering that judgment.

**AFFIRMED.**