[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2012
JOHN LEY
CLERK

No. 10-14141
_____

D. C. Docket No. 6:08-cv-00035-MSS-GJK

JOEANN MCCLANDON,

Plaintiff-Appellee,

versus

HEATHROW LAND COMPANY LIMITED PARTNERSHIP,
a Florida Limited Partnership,
HEATHROW REALTY, LLC,
a Florida Limited Liability Company,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 17, 2012)

Before WILSON, ANDERSON and HIGGINBOTHAM,* Circuit Judges.

_____

        * Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument in this case, and have carefully considered the briefs and relevant portions of the record. For several reasons, we conclude that the instant record falls short of the established standard required to support the severe sanction of default. There was no clear district court order requiring Heathrow Land Company Limited Partnership and Heathrow Realty, LLC, to have had substitute counsel as of the January 25, 2010, trial. To the contrary, the Heathrow entities reasonably understood from the district court's comments at the December 30, 2009, pretrial conference that, although they would try to have substitute counsel available, they could proceed with Roecker as counsel so long as they did not present him as a witness. As Plaintiff acknowledges, a finding of bad faith is a key element to support the default sanction. See Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). In this case, there was no finding of willful or bad faith disregard of court orders, or other willful misconduct. Moreover, the record would not have supported such a finding. The district court's order was also entered without consideration of lesser sanctions. See Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 925 (11th Cir. 1986).

For these and other reasons, we conclude that the district court abused its

2

discretion in striking the Heathrow entities' pleadings and ordering a default judgment as to liability, a decision that tainted the remaining proceedings below. We also find unpersuasive Plaintiff's argument that the judgment of the district court should be affirmed on the alternative ground that the district court made a finding of liability. The proceedings had already been tainted, and the liability issue was resurrected in the absence of the Heathrow entities and after they had been told that the liability issue was resolved and over.

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded to the district court for a new trial on both liability and damages.

REVERSED and REMANDED.