[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13892
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cv-01198-EAK-EAJ

RANDALL TOWNSEND,

Plaintiff-Appellant,

versus

HEATHER M. GRAY,
Individually,
HEATHER M. GRAY,
Attorney at Law, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 1, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Randall Townsend, proceeding *pro se*, appeals the district court's dismissal of his amended complaint and the district court's denial of his motions for reconsideration and recusal.  On appeal, Townsend argues the district court abused its discretion by (1) dismissing his amended complaint, (2) denying his motion for reconsideration, and (3) denying his motion for recusal.  After review, we affirm the district court.

## I.

Townsend first argues the district court abused its discretion in dismissing his amended complaint for failure to comply with Federal Rule of Civil Procedure 8(a).  Rule 8(a) requires, *inter alia*, that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

We review for abuse of discretion the district court's dismissal of a case for failure to comply with the rules of the court.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).  We use a two-part test for determining when a case should be dismissed as a sanction.[1]  "[A] dismissal *with prejudice*, whether on motion or *sua*

---

[1]  The district court did not indicate whether the dismissal was with or without prejudice, but such a "dismissal operates as an adjudication on the merits."  *Cohen v. Carnival Cruise*

2

*sponte*, is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (quotation omitted).  "[F]indings satisfying both prongs of our standard are *essential* before dismissal with prejudice is appropriate," *id.* at 1339, although we have found implicit in an order the findings necessary to support dismissal, *see, e.g.*, *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

The district court's dismissal of Townsend's amended complaint was not an abuse of discretion.  Though brief, the district court's dismissal order made a sufficient finding of willful misconduct, noting that Townsend "well knows" the requirements and rules, but that after being afforded an opportunity to file a conforming complaint, his pleadings still failed to comply.  Moreover, the district court's finding is correct.  Townsend's amended complaint named over 200 defendants, the vast majority of which had no obvious connection to his underlying grievances.  Although the district court did not make an explicit finding that lesser sanctions were inadequate, its dismissal order came after Townsend failed to comply with its previous order to file adequate pleadings.  The

*Lines, Inc.*, 782 F.2d 923, 924 n.1 (11th Cir. 1986).

3

record therefore "supports an implicit finding that any lesser sanction than dismissal would not have served the interests of justice." *Goforth*, 766 F.2d at 1535.

## II.

Townsend next argues it was improper for the district court to rule on the reconsideration motion because the motion was directed to the Chief Judge. Townsend offers no authority for the proposition that his motion should have been decided by another judge. To the contrary, the decision to grant a motion for reconsideration "is committed to the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). Moreover, the district court did not abuse its discretion in denying the motion. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (stating the only grounds for granting a motion for reconsideration "are newly-discovered evidence or manifest errors of law or fact").

## III.

Finally, Townsend contends the district court judge was biased, as evidenced by how quickly his case was dismissed. He also argues it was improper for the district court judge to rule on the recusal motion.

4

We review for abuse of discretion the district court's denial of a recusal motion. *Draper v. Reynolds*, 369 F.3d 1270, 1274 (11th Cir. 2004). As relevant, 28 U.S.C. § 455 requires recusal if a judge's "impartiality might reasonably be questioned." *Id*. § 455(a).[2] Judicial rulings, unaccompanied by claims of bias based on an extrajudicial source, will "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994).

The district court did not abuse its discretion by failing to refer the recusal motion to another judge or by summarily denying Townsend's recusal motion. The district court's entry of a dismissal order for failure to prosecute, which was later reversed, and its prompt disposition of Townsend's case after receiving his amended complaint, constitute the type of judicial conduct that will not support a claim of bias. *Liteky*, 114 S. Ct. at 1157.

**AFFIRMED.**

---

[2] The other recusal statute, 28 U.S.C. § 144, is inapplicable because Townsend did not file the requisite affidavit. *See United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).

5