FILED
United States Court of Appeals
Tenth Circuit

February 20, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH R. FOX,

        Plaintiff - Appellant,

v.

NATIONAL OILWELL VARCO,

        Defendant - Appellee.

No. 14-4082
(D.C. No. 2:13-CV-00819-TC-EJF)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Joseph R. Fox appeals the denial of his post-judgment motion to compel

discovery under Federal Rule of Civil Procedure 69(a)(2). Rule 69(a)(2) permits

discovery in aid of a money judgment. A magistrate judge denied Mr. Fox's motion,

ruling that there was no money judgment to provide a basis for discovery. The

district court adopted the magistrate judge's decision, and we now affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

The following background is helpful to understand the nature of this appeal. Mr. Fox and several other individuals (claimants) founded a company named IntelliServ, which developed technology for use in oil and gas drilling operations. Another company, Grant Prideco, purchased a fifty percent interest in IntelliServ and later acquired the remaining fifty percent pursuant to a stock purchase agreement. Under the terms of the purchase contract, Grant Prideco agreed to pay part of the purchase price up front, plus $5 million in contingent payments and additional amounts up to a cap of $80 million as set forth in an Earnout Agreement. The Earnout Agreement, in turn, provided that the contingent payments would be based on revenue generated by certain IntelliServ products. These contractual payment obligations were all assumed by National Oilwell Varco, Inc. (NOV), which acquired Grant Prideco and became the sole shareholder of IntelliServ.

Following NOV's acquisition of Grant Prideco, a dispute arose between the claimants and NOV regarding what products should be included in the Earnout Agreement's payment calculus. Claimants asserted the acquisition triggered an expanded revenue base that obligated NOV to make additional payments under the Earnout Agreement. NOV, however, claimed that the contested products did not contribute to IntelliServ revenue, and thus no additional payments were due. The dispute went to arbitration, and an arbitration panel ruled in favor of NOV, directing that Mr. Fox and the other claimants "take nothing." R. at 27. NOV was ordered to

and did pay arbitration expenses totaling $80,192.46. Mr. Fox then initiated this action in the district court to confirm the arbitration panel's decision, and the district court entered a stipulated judgment and order confirming the arbitration order.

Afterwards, however, Mr. Fox filed a post-judgment motion under Rule 69(a)(2) seeking to compel discovery in aid of a money judgment. According to Mr. Fox, he was entitled to discovery of NOV's revenue information to verify the accuracy of NOV's contractual payment obligations. *See* R. at 811. The matter was referred to a magistrate judge, who denied the motion, explaining that Rule 69(a)(2) was inapplicable because Mr. Fox did not have a money judgment. Mr. Fox objected, but the district court adopted the magistrate judge's decision and denied the motion to compel. This appeal followed.[1]

II

On appeal, Mr. Fox advances two arguments. He first contends the magistrate judge lacked the authority to decide that there was no money judgment for purposes of Rule 69(a)(2). We decline to consider this argument because Mr. Fox waived it by failing to timely object to the district court's referral. *See Clark v. Poulton*, 963 F.2d 1361, 1367 (10th Cir. 1992) (applying waiver rule where appellant failed to object to district court's referral); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981) ("Ordinarily a party who objects to a reference to a magistrate must make his

---

[1] Because Mr. Fox is proceeding pro se, we afford his materials a liberal construction but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

- 3 -

objections known either at the time of reference or soon thereafter."). The district court referred the motion to compel to the magistrate judge on December 27, 2013, but Mr. Fox waited more than five months before he challenged the referral in his June 9, 2014, objections to the magistrate judge's adverse decision. In the interim, Mr. Fox requested that his motion be submitted for a decision and hearing before the "court, or designated magistrate," R. at 1090, and he also sent an e-mail to the magistrate judge inquiring as to the status of his motion, *id.* at 1117. But he expressed no concern with magistrate judge's authority until after the magistrate judge ruled against him. *See Hill*, 656 F.2d at 1213 ("Parties who did not prevail before the magistrate would routinely seek to have the reference set aside for reasons that either could have been corrected or would have stopped the proceedings if promptly brought to the referring court's attention."). Consequently, Mr. Fox waived the issue.

Mr. Fox's second argument also is unavailing. He contends the magistrate judge incorrectly concluded that there was no money judgment for purposes of Rule 69(a)(2). According to Mr. Fox, the arbitration order constitutes a money judgment that entitles him to discovery. We disagree.

Rule 69(a) establishes the procedure by which a judgment creditor executes on a money judgment. Rule 69(a)(1) states that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(2) provides that a judgment creditor, "[i]n aid of the judgment or execution, . . . may obtain discovery

from any person—including the judgment debtor . . . ."  These provisions clearly contemplate the existence of a money judgment, without which there is no right to discovery.  *See Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (observing that discovery under Rule 69 is contingent on obtaining a judgment); *United States v. Varnado*, 447 F. App'x 48, 50 (11th Cir. 2011) (per curiam) (unpublished) (holding that for Rule 69 "to apply a 'money judgment' must exist" (*citing Ziino v. Baker*, 613 F.3d 1326, 1328 (11th Cir. 2010)).

The issue then becomes whether Mr. Fox has a money judgment.  Generally speaking, a money judgment is an order adjudging the payment of a sum of money.  *See U.S. Fid. & Guar. Co. v. Ft. Misery Highway Dist.*, 22 F.2d 369, 372 (9th Cir. 1927).  The Ninth Circuit has elaborated, defining a money judgment as consisting of "two elements:  (1) an identification of the parties for and against whom judgment is being entered, and (2) a definite and certain designation of the amount which plaintiff is owed by defendant."  *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1101 (9th Cir. 2011) (emphasis and internal quotation marks omitted).  Assuming, as Mr. Fox does, that the arbitration order here could represent a money judgment confirmed by the district court, his argument fails because the arbitration panel did not award him a money judgment.  Instead, the arbitration panel ruled against him and in favor of NOV, specifically directing that Mr. Fox and the other "Claimants take nothing on their claims to share revenues from NOV's sales . . . ."  R. at 27.  Although the panel

- 5 -

directed NOV to pay administrative fees for the arbitration, NOV paid those fees in full. Moreover, the arbitration panel ruled that "[a]ll claims and counterclaims not expressly granted herein are hereby denied." *Id.* at 30.

Mr. Fox insists that the arbitration order "confirms the obligation of [NOV] to pay money to [him]." Aplt. Br. at 18. He says the order "designates the total amount owing and sets forth with particularity the method for determining the amount of future payments." *Id.* But the payments to which Mr. Fox refers do not represent a money judgment; rather, the payments he references were the contractual payment obligations that NOV assumed in acquiring Grant Prideco. This is not a money judgment; it is simply the price that Grant Prideco agreed to pay for IntelliServ. Because Mr. Fox has no money judgment, he is not entitled to discovery under Rule 69(a).

Accordingly, the judgment of the district court is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge

- 6 -