[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10556

Non-Argument Calendar

_____

VIRGINIA HALL,

Plaintiff-Appellant,

*versus*

CHUBB EUROPEAN GROUP SE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-00933-WFJ-TGW

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Virginia Hall sued Chubb European Group for breach of contract after the insurer refused to cover damage her home sustained in a hurricane. After Ms. Hall repeatedly failed to comply with a court order, the district court dismissed the action with prejudice. Ms. Hall appeals that dismissal. Given its findings that Ms. Hall willfully disregarded an order and that lesser sanctions would not have sufficed, the district court did not abuse its discretion. We affirm.

## I

Ms. Hall first filed this action in Florida state court. By April of 2023, Chubb had removed the case to federal court. The district court entered a scheduling order, setting the matter for trial and—as relevant here—requiring the parties to make expert disclosures by December 1, 2023. The order also set the close of discovery for March 1, 2024.

Attempting to comply with those deadlines, Chubb first sent an email to Ms. Hall's counsel requesting to schedule an expert inspection of her property on September 19, 2023. When that email went unanswered, Chubb followed up on September 21, and again on October 6. Ms. Hall's counsel never responded.

Chubb filed a motion to compel the inspection on October 30, 2023. Because of a filing error, the district court denied the

24-10556               Opinion of the Court                3

motion without prejudice, directed Chubb to refile, and required Ms. Hall to respond within five days of the amended motion being filed on the docket.[1]

Chubb filed its amended motion on November 1. Seven days passed, but Ms. Hall did not file a response. On November 8, the district court granted Chubb's motion and ordered Ms. Hall to "accommodate [the] inspection." The order warned Ms. Hall that, if she failed to do so, "the matter [would] be dismissed without further notice."

Despite this warning, Ms. Hall remained unbothered. After 34 days with no word on the inspection from Ms. Hall's counsel, Chubb reached out again, attaching the district court's order. Ms. Hall's silence continued. Chubb then sent another email on December 14. And another on December 19. And *another* on January 4, 2024. On January 8, Chubb sent its eighth and final email, asking Ms. Hall to "please advise as soon as possible to avoid Court Intervention."[2]

---

[1] Though the local rules typically give parties 14 days to file a response after service of a motion, *see* M.D. Fla. L.R. 3.01(c), district courts have "inherent authority to manage [their] own docket[s]," *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009), and may shorten response times when necessary.

[2] Chubb's eight emails were sent to various employees at Morgan Law Group, including the founding partner of the firm, Ms. Hall's counsel of record, his assistant, and the firm's general service email.

The next day, after again receiving no response, Chubb filed a motion to enforce the court's order compelling the inspection. The district court waited 15 days for a response to the motion from Ms. Hall. *See* M.D. Fla. L.R. 3.01(c). When none came, the court granted the unopposed motion and dismissed the case with prejudice.

A week later, Ms. Hall filed a motion for reconsideration. After reviewing the case history, the district court denied the motion.

This appeal followed.

## II

Federal Rule of Civil Procedure 41(b) "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). We review a district court's dismissal under Rule 41(b) for abuse of discretion. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). *See also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

"While dismissal [with prejudice] is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Dismissal with prejudice is "properly imposed," *Betty K Agencies*, 432 F.3d at 1338, when a party "engages in a clear pattern of delay or willful contempt (contumacious conduct)" and "the district court specifically

finds that lesser sanctions would not suffice," *World Thrust Films, Inc. v. Int'l Fam. Ent.*, 41 F.3d 1454, 1456 (11th Cir. 1995). That finding may be "implicit or explicit." *Gratton*, 178 F.3d at 1374.

Here, the district court did not abuse its discretion by dismissing the case with prejudice. The order identified a pattern of willful contempt: Ms. Hall ignored *eight* requests from Chubb for an inspection of her property, and she failed to file a response to either of Chubb's motions. What's more, she continued to conduct herself in this manner even after having been warned that failing to comply would result in dismissal of her case. Such behavior could not be characterized as "simple negligence." The district court also made an explicit finding that there was "simply no indication that lesser sanctions would motivate Ms. Hall to comply" with its order as she was "wholly unresponsive to both Chubb and th[e] Court."

To dispute the district court's finding of willful disregard, Ms. Hall argues that her counsel was "unaware" of the court's order and that the inspection was not being scheduled. This was supposedly the fault of her counsel's staff. But it is counsel's responsibility to meet deadlines and comply with court orders—throwing non-lawyer staff members under the bus won't do. *Cf. In re Lang*, 305 B.R. 905, 910 n.27 (10th Cir. B.A.P. 2004) (collecting cases where courts have rebuffed an attorney's attempt to rely on "mistakes made by office staff or by other pressures associated with the operation of a legal practice" to excuse missed deadlines). And her counsel's representation that he did not receive service of the district court's order fares no better. The order was entered on the

public docket, emailed to him and the managing partner of his firm through CM/ECF, and sent to him and several other firm employees by Chubb's counsel. On this record, we detect no clear error in the district court's determination.[3]

At the end of the day, Ms. Hall and her counsel *completely* failed to respond to Chubb's requests and motions and the district court's orders for months. We do not see an abuse of discretion.

## III

The district court did not abuse its discretion by dismissing Ms. Hall's case with prejudice.

**AFFIRMED**.

---

[3] As the factual and procedural history indicates, this is not a case involving the failure to respond to a single request by the opposing party. Nor is it a case involving a mere delayed or attempted response to a court order. *Compare Cohen v. Carnival Corp.*, 782 F.2d 923, 924–26 (11th Cir. 1986) (dismissal with prejudice for plaintiff's failure to obtain local counsel for four months was an abuse of discretion where out-of-state counsel (1) filed an affidavit stating that he had contacted a number of Florida attorneys without success and (2) moved for admission *pro hac vice*, and where lesser sanctions would have sufficed).